Per Curiam.
—The referee in. this case, Mr. Stetson, having been named and selected by the parties to this proceeding to pass upon the questions of fact suggested by this court upon its decision on the application for peremptory mandamus herein, and having made his report, by which it appears that the counsel to the corporation, and Mr. Anderson, of counsel for Police, Commissioners Voorhis and Porter, after entering their appearance before said referee took no part therein, and offered no contest to the relators’1 claims, and that the only opponent to the claim of the relators was the progressive labor party, represented by Mr, Thaddeus B. Wakeman, who by the terms of the order entered herein was allowed to intervene, and the relators and the said progressive labor party having offered their evidence, and the same having been considered, and the referee having reported that the political party or organization now known as the united labor party in the city of New York is the party which cast upwards of 50,000 votes for its candidate for mayor at the municipal election held in the city of New York in November, 1886, and a motion having been made for judgment upon this report, and the corporation counsel having admitted due service of the notice for such motion, and not having appeared, and the counsel for Police Commissioners Porter and Voorhis having appeared and offered no opposition to said application upon said report, and Mr. Wakeman having appeared for the progressive labor party and opposed said motion, and having made a motion for new trial upon various grounds stated in his notice of motion, the question presented is, should this court upon said report grant the judgment asked for by the relators, or should the motion for a new trial be granted.
The objection to the expedition used by the referee in the taking of the testimony was not well founded. The order of reference contemplated great expedition; the emergencies of the case required that if the decision of the court of appeals should be of any practical service that the hearing should be proceeded with without any delay which was not absolutely necessary.
The attorney for the progressive labor party knew days before any order was actually entered that the relators intended to avail themselves of the leave granted and to obtain a trial of the questions of fact. He also knew upon the settlement of the order by the presiding justice that Tuesday was urged as a day of hearing, but to enable him to get his testimony together, the court fixed the hearing for a day later, viz., Wednesday.
Under these circumstances it was his duty to have been ready even if the referee extended his sittings to unusual hours, and as he was also a moving party under the terms *585 of the order settling the issues he was bound to be prepared with his testimony to support the view for which he was contending.
If such testimony was not at hand the referee could not, without violating the terms of the order and the understanding of the parties, extend what, under the circumstances, would have been extraordinary indulgence.
The only other question is as to granting the motion of the relator for judgment.
It evidently was contemplated by the decision of the general term, and also by the decision of the court of appeals, that in case this finding of fact be found in favor of the relators that judgment should follow. The report of the referee which, under the circumstances, is equivalent to the verdict of a jury has established the right of the relators to the relief asked for, and such rights should not now be denied or suspended until the conclusion of the referee can be reviewed upon appeal because such a stay of proceedings herein would deprive the relators of the very relief which it has been determined they had a right to obtain by means of these proceedings.
We have thus stated our conclusions which is all that we can do in the brief time at our disposal.
The motion for judgment should be granted and the motion for a new trial should be denied.